## N. A. NICHOLSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20224.  Promulgated October 31, 1949.

*Kurt J. Kremlick, Esq.*, for the petitioner.
*William R. Bagby, Esq.*, for the respondent.

688

OPINION.

HARLAN, *Judge*: The petitioner contends that the amount of $1,732.09 paid by him in 1944 is deductible under the provisions of section 23 (e) of the Internal Revenue Code. This section permits an individual to take deductions for losses, (1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit; or (3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft.

Petitioner makes no contention that the transaction resulting in the payment in question was a transaction entered into for profit, and on brief concedes that subdivision (3) of section 23 does not apply because he sustained no loss from property damage and the evidence does not show that the payment made by him resulted from theft or embezzlement. He relies upon the provisions of subdivision (1) and urges that we should allow him to deduct the payment of $1,732.09 as a loss incurred in trade or business.

Cases such as this are difficult to decide, because the heart goes one way and the law the other. Petitioner, undoubtedly influenced by patriotic motives, accepted a position as chairman of the Ahepa Society war bond issuing agency, and as a result of carelessness, inefficiency, or mistakes of others a shortage occurred. Feeling that he was morally responsible for this shortage, although the treasurer handled the funds collected, he voluntarily paid a substantial part of the shortage. Because of the nature of the work on which petitioner was engaged and the fact that while so engaged he sustained this loss through the negligence of others, our inclination would be to allow the claimed deduction if our decision could be based upon purely equitable considerations. Unfortunately for the petitioner, the statute does not grant us this leeway, and the matter of deductions from income "depends upon legislative grace, and only as there is clear provision

therefor can any particular deduction be allowed." *Deputy* v. *Du-pont*, 308 U. S. 488.

In arguing that he sustained a business loss, petitioner cites and relies upon *Peter Frees, Jr.*, 12 B. T. A. 737. In that case the taxpayer operated a substation post office in connection with his drug store business. He received compensation of $400 per annum for operating the substation. The work incidental to the operation of the substation was performed by two girls who were paid by petitioner. They also acted as cashiers for the drug store. Because of his connection with a post office the taxpayer was persuaded by a Liberty Loan committee to receive, without compensation, payments on Liberty bonds. All of the payments on the bonds were received by petitioner's cashiers, and they embezzled a part of the collections. The Liberty Loan committee sought to collect the amount misappropriated from the taxpayer, who denied liability. In 1920, prior to trial of a suit instituted by the committee, a compromise settlement was reached and the taxpayer paid $1,250, which he deducted in computing his 1920 income tax. The disallowance of this deduction by the Commissioner was the basis of most of the deficiency determination. The Board approved the taxpayer's deduction.

The difficulty with this case as an authority for petitioner here is that the question which is before us at bar, i. e., whether the loss was incurred in trade or business, was not before the Court in the *Frees* case. In that case the Court said "The respondent does not deny that the loss was sustained," and thereafter it devoted no attention to the deductibility of the loss. The decision confines itself to the question of whether or not the loss was incurred in 1919, when the embezzlement occurred, or in 1920, when the reimbursement was made. The facts therein disclose that the installment payments which were embezzled by the taxpayer's employees were "payable at any post office." Therefore, it may well be that the installment collections involved in the *Frees* case, for subscriptions which the taxpayer therein volunteered to take as an agent for the Liberty Loan committee, were taken as a part of the taxpayer's official duties as postmaster. At any rate, the issue which is before us was not discussed in the *Frees* case and that case therefore can not be accepted as an authority for the petitioner.

While there was some relationship between the business of the taxpayer and the loss sustained in the *Frees* case, it is obvious in the instant proceeding that engaging in a campaign to sell war bonds did not have the remotest relationship to either the petitioner's cocktail lounge or his real estate business.

The respondent did not err in determining that the deduction claimed by petitioner is not allowable under the provisions of section 23 (e) of the code.

*Decision will be entered for the respondent.*